[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CERTAIN DEFENDANTS' MOTION FOR PARTIAL SUMMARYJUDGMENT AND TO PLAINTIFFS' MOTION TO APPLY WASHINGTON LAW
This court on February 24, 1993 ruled that New York law was to be applied in this case. This ruling was reaffirmed by Judge Sullivan on June 23, 1994. These rulings are the law of the case and this court sees no reason to change them. See Breen v. Phelps, 186 Conn. 86,99 (1982).
As to the motion for summary judgment on the question of notice, both sides have written extensive briefs and filed numerous appendices in support of their respective positions. They are to be complimented for their exhaustive and scholarly submissions to the court.
The defendants agree, however, that under New York law and Connecticut procedure, there must be no genuine issue of fact as to whether or not the plaintiff had a reasonable belief, formed after an adequate investigation that the occurrence in question could lead to no liability that would be indemnifiable under that insurer's policy (Submission at oral arguments by defendants). The defendants further acknowledge that if any of the affidavits submitted by the plaintiff raise such a claim, this court is precluded from granting defendants motion for summary judgement as to notice. See Barrett v. DanburyHospital, 232 Conn. 243, 250, 255 (1995). CT Page 1357-O
The court has examined the affidavits of Messrs. William E. Markey, Jr., Michael J. Kowalski, and Charles A. Lorelli, (Plaintiff's brief of February 2, 1996, appendices Exhibits A, B and C), and is satisfied that these affidavits are sufficient to create a genuine issue of fact to be determined by the jury in this case. The defendants' motion for partial summary judgment is denied.
Freed, J.